26 N.J. Super. 445 (1953)
98 A.2d 121
VERA SPOLAN AMADO, PLAINTIFF-APPELLANT,
v.
MALIBU DUDE RANCH, A CORPORATION, AND LLOYD RACKMILL, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 15, 1953.
Decided June 23, 1953.
*446 Before Judges FREUND, STANTON and FRANCIS.
*447 Mr. John E. Toolan argued the cause for plaintiff-appellant (Messrs. Toolan, Haney & Romond, attorneys).
Mr. James B. Emory argued the cause for defendants-respondents (Messrs. Emory, Langan & Lamb, attorneys).
The opinion of the court was delivered by FRANCIS, J.C.C. (temporarily assigned).
Appellant in this proceeding seeks to have an adverse verdict of a jury set aside as contrary to the weight of the evidence.
It appears that Miss Amado was a paying guest of respondent Malibu Dude Ranch. Among the activities offered to her was horseback riding.
On the day in question she and other guests, at the suggestion of respondent Rackmill, president of the ranch, were mounted participants in a parade in a nearby town. On the way back Rackmill, who was in charge of the group, took them off the main road and onto a narrow, tortuous, rockstrewn bridle path through the woods. Bushes and trees crowded in along the way, making single file riding advisable and a walk the only possible gait.
As the riders proceeded, appellant's horse encountered a swarm of bees. She was unable to spur him into a faster gait because of the trail conditions and the file of riders in front. Her horse suffered stings, reared, threw her to the ground, and then bolted.
Basically, the charge of negligence was predicated upon alleged knowledge in Rackmill of the presence of bees along the bridle path. However, evidence of this all important circumstance is not nearly so clear as is claimed by appellant.
There is no substantial proof that anyone ever previously encountered a swarm of bees on this bridle path. There was testimony from some witnesses that they had seen bees and other insects around the various riding trails in the neighborhood. Rackmill said that a week or ten days prior to this accident, when he was heading a party of riders over this same path, word was passed up to him from the rear that a bee or something had stung one of the horses. However, *448 the rider involved, a Miss Harriet Ackerman, testified that she had been stung on the arm by a bee but she could not remember on what trail the incident had occurred.
Rackmill conceded that over the season between April and August various riders had told him they had encountered bees while riding trails. But there was no reference to swarms of bees nor to such a condition along the trail in question.
Appellant testified that following the accident Rackmill visited her at the hospital and while there said he was terribly sorry he took her on that path, especially since he knew there were bees there. On the witness stand Rackmill said he did not think he made the statement; also that he did not make it. And he asserted further that he had not encountered bees in quantity on the particular trail or on any other trail prior to the mishap.
It cannot be said reasonably that knowledge by an operator of a dude ranch of the occasional presence of a bee or other stinging insect along a path would justify a finding of negligence against him if he led a group of his riding guests over it without disclosing this information to them. Knowledge of swarms of bees along a particular path is another matter. Whether such knowledge had been proved here involved issues of fact and credibility which were squarely within the province of the jury to decide.
In any event, respondent seeks a dismissal of the appeal, pointing out that there has been no compliance with the portion of Rule 1:2-20(a) which provides as follows:
"* * * On a review of any cause involving issues of fact determined by the verdict of a jury, the contention that the verdict was contrary to the weight of the evidence shall not be advanced or entertained unless application for new trial on that ground was first made to the trial court in accordance with the rules and denied."
It is conceded that no such application was made to the trial court. However, in her reply brief appellant observes that by virtue of Rule 1:7-9 we have the power to relax Rule 1:2-20(a), and she asks that we do so. But no motion seeking such relief was included in her original brief; the *449 matter was ignored until raised in the answering brief of respondents. Then appellant sought the relaxation.
Assuming that power to grant the request has been bestowed on this court under the rule to which reference has been made, exercise of the power is neither automatic nor perfunctory. Substantial and persuasive ground therefor would have to be advanced. Here no reason is offered for the failure to attack the verdict in the trial court. The admission is made that previous counsel did not do so and, without more, relaxation is applied for. Under the circumstances the record affords no justification for non-enforcement of Rule 1:2-20(a).
When no motion for a new trial on the ground that the verdict is at odds with the weight of the evidence is made to the trial court, manifestly the Appellate Division is deprived of a substantial element which by the mandate of the Supreme Court is required to enter into our consideration. That element consists of the opportunity of the trial court to judge the credibility of the witnesses and the expression of his views on the subject. Furthermore, under the long established law the setting aside of a jury verdict on the ground suggested is a problem calling for the exercise of the discretion of the trial court. Once exercised it is not disturbed on appeal unless, after giving heed to the limitations imposed by Rule 1:2-20(a), it clearly appears to have been arbitrary. On appeal in such a situation the grievance complained of is the error of the trial court in refusing to set aside the verdict. Manifestly this error cannot be charged where the action was not taken.
Another matter must be taken into account in determining whether our discretion should be exercised liberally or strictly. Rule 3:59-2 requires the motion for a new trial to be made to the trial court within ten days after the entry of the verdict of the jury. And by the express terms of Rule 3:6-1 that period cannot be enlarged. So if this motion for a new trial had been made tardily to the trial judge, he could not have entertained it, no matter what the reason for the delay. Since the appeal was taken more than *450 ten days after the entry of the verdict we are being asked to engage in a review which would be prohibited to the trial court. Undoubtedly, therefore, we should not look with favor upon what appears to be an effort to circumvent Rule 3:59-2.
Under all the circumstances, and assuming, without deciding, that the Appellate Division has the power to relax the requirement for application to the trial division, we find no basis for relaxation.
For this reason the appeal is dismissed.