■ KEVIN D. COX, as Administrator of the Estate of JOHN J. STACHERA, Deceased, Appellant, v DON'S WELDING SERVICE, INC., Defendant and Third-Party Plaintiff-Respondent. DEPEW PAVING CO., INC., Third- Party Defendant-Respondent.—Judgment unanimously reversed, on the law and facts, with costs to plaintiff, and a new trial granted. Memorandum: On April 17, 1972 John J. Stachera, plaintiff's intestate, employed as a construction worker, was killed when he was struck on the head with a metal boom attached to a metal sleeve welded to a Caterpillar front-end loader. Plaintiff brought this suit against defendant, Don's Welding Service, Inc., for negligence, breach of warranty and wrongful death. The complaint asserted that defendant failed properly to weld the boom to the multipurpose bucket on the Caterpillar front-end loader. Plaintiff's intestate was employed at the time of the accident by third-party defendant, Depew Paving Co., Inc. Don's Welding Service cross-claimed against Depew, asserting that the latter was negligent. Plaintiff appeals from a judgment which, at the close of his proof at trial, dismissed plaintiff's complaint and also dismissed Don's Welding Service's cross claim against Depew. The question presented is whether plaintiff presented prima facie evidence of negligence on the part of defendant, Don's Welding Service. We set forth the standard by which a motion to dismiss under CPLR 4401 should be decided in *Bartkowiak v St. Adalbert's R. C. Church Soc.* (40 AD2d 306, 309): "[s]uch a motion should not be granted where the facts are in dispute or where different inferences might reasonably be drawn from undisputed facts, or where the issue depends upon the credibility of witnesses [citation omitted]. The court cannot properly undertake to weigh the evidence, but must take that view of it most favorable to the non-moving party [citation omitted]. The test is whether the trial court could find 'that by no rational process could the trier of the facts base a finding in favor of the [nonmoving party] upon the evidence here presented' *(Blum v. Fresh Grown Preserve Corp.,* 292 N. Y. 241, 245)." Since this is a wrongful death action, "plaintiff is not held to as high a degree of proof of the cause of action as where an injured plaintiff can himself describe the occurrence [citations omitted]" *(Noseworthy v City of New York,* 298 NY 76, 80; see Richardson, Evidence [10th ed], § 104). Moreover, "where the defendant has knowledge of a fact, but slight evidence is requisite to shift on him the burden of explanation" *(Noseworthy v City of New York, supra,* p 81). Concededly, there is no "direct" evidence that Don's Welding Service performed or omitted to remedy or inspect the critical weld on the boom. But there is evidence that the boom was defectively welded to the bucket; that Don's Welding Service did welding work on Caterpillar No. 187 during the weeks preceding the accident; that Don's Welding Service was the primary welder for Depew; that if welding was needed Don's Welding did it; and that Stachera's death resulted from the defective weld. Further, we conclude that plaintiff's Exhibit No. 4 (a Don's Welding work order to wit: "Weld Hook on Cat 966 Four Way Bucket—& Boom for Hilift") on which the trial court "reserved decision" should have been admitted since it referred to a Caterpillar with the same model number of the machine at the center of this action, and concerned the welding of a boom. The fact that defendant's work order lacks Depew's designated identification

number (No. 187), should not preclude plaintiff from introducing this relevant piece of evidence into his case. We believe that with this latter fact in the record together with the summarized circumstantial evidence there is sufficient evidence in this wrongful death action to withstand successfully a CPLR 4401 motion. The action should have proceeded so that defendants could be put to their "burden of explanation". Finally, the trial court committed no error when it sustained defendant's objections to questions put by plaintiff to an employee of Depew. The questions were leading and there was no evidence that the witness of whom they were asked was hostile. (Appeal from judgment of Erie Supreme Court—wrongful death—negligence, etc.) Present—Cardamone, J. P., Simons, Hancock, Denman and Witmer, JJ.l