■ THOMAS H. EDDY, Respondent, v SYRACUSE UNIVERSITY, Appellant. — Judgment unanimously affirmed, with costs. Memorandum: Defendant appeals from a judgment awarding damages for personal injuries sustained by plaintiff on March 27, 1977 in a gymnasium on defendant's campus. Defendant offered no proof at trial and argues here, as it did before the trial court, that as a matter of

law the facts do not support a finding of negligence, and that plaintiff's assumption of risk in playing in the gymnasium in the manner he did was the proximate cause of the accident. Plaintiff, a student from Harpur College, was injured while playing in a game called "ultimate frisbee" between a Harpur team and one from Syracuse University. Ultimate frisbee, described as being much like soccer, is a running game in which team members attempt to pass the frisbee to one another, the object being to advance the frisbee over the opponent's goal line. The two teams were admitted to the gymnasium building by a person believed by plaintiff to have been the janitor. The players changed clothes in a locker room, entered the gymnasium and thereupon established the game's playing area to run the length of the gymnasium, using as the goal lines the outermost sidelines of two basketball courts which were laid out across the width of the gymnasium. The west goal line thus established was located approximately five to eight feet from the gymnasium's west wall which was of masonary construction with glass doors in the center. Plaintiff, running toward the west wall and looking back over his shoulder for a thrown frisbee, was unable to stop before striking one of the doors. He turned and saw the door, however, in time to raise his right arm in an attempt to protect himself. His body struck the handlebar across the door but because the door was locked, it did not open. The glass shattered and as plaintiff's upper torso went through the door his right arm was severely lacerated. Plaintiff acknowledged that he was aware of the presence of the walls and the doors when he participated in the game. He also testified that such frisbee games are played on an "informal" basis; and there was no proof that the Syracuse team was officially recognized or sponsored by defendant. In support of its assertion that the evidence was insufficient to submit the case to the jury, defendant argues that it did not authorize the use of the gymnasium; had no foreknowledge of plaintiff's use; could not foresee the manner in which it would be used and, finally, that the gymnasium was not defective in its construction or design, nor was it unsuited for its ordinary purposes. Common-law classifications of the status of one injured when on the land of another are no longer determinative in assessing the duty of care owed by the landowner, and it is now well established that the duty owed is one of "reasonable care under the circumstances [with] foreseeability [as] a measure of liability" *(Basso v Miller,* 40 NY2d 233, 241). The injured party's status remains relevant, however, in assessing the foreseeability of his presence on the land and the probability that he might suffer injury *(Basso v Miller, supra).* In determining whether the evidence is sufficient to submit to the jury, the court must examine the facts to ascertain "whether the foreseeability of the presence of an entrant on land is too remote, given the nature of the risk and the burdens that would be imposed on the landowner to guard against it." *(Quinlan v Cecchini,* 41 NY2d 686, 689.) Additionally, the court should weigh *(supra,* p 689) "the probability of the harm, the gravity of the harm against the burden of precaution, and other relevant and material considerations from which it can determine whether reasonable persons can differ as to whether the defendant was negligent". It is only when the court concludes that there is no reasonable view of the evidence upon which to assess liability that the issue should be decided as one of law. Where varying inferences are possible, however, the issue is one for the jury *(Palsgraf v Long Is. R. R. Co.,* 248 NY 339, 345). Applying those principles, we conclude that it was proper here for the court to submit the issue of negligence to the jury. Surely the jury could have concluded that defendant should reasonably have foreseen plaintiff's presence in the gymnasium, located as it is on the campus of a large university, and that some of its students, and their guests, might use the facility without express permission. Also properly left to the jury was the question of whether the glass doors, located as they were in a building intended to be used for strenuous physical activity,

constituted a dangerous condition. The close proximity of the doors to the basketball court sideline could be found to present a danger to a player in a hotly contested basketball game. Their danger is enhanced, of course, with the playing of a running game employing the length of the gymnasium. Thus the question arises of whether defendant should have foreseen that students might use the gymnasium for the playing of games other than those for which the basketball courts had been laid out. Here again, because of the propensity of college students to engage in novel games, a jury question was presented, and if such foreseeability was found, the probability and gravity of harm was readily apparent. The jury could also reasonably have found that the risk presented by the glass doors could have been obviated without imposing an undue burden upon defendant. The obvious danger could have been protected against, for example, by replacement of the glass with a solid material, or by placing a metal grill or a strong wire mesh over the glass. The court properly presented the issues to the jury in a charge which was rendered without request or exception by either party. Implicit in the jury verdict is its finding that defendant had a duty to protect users of the gymnasium, including plaintiff, from the dangers of the glass and that the breach of that duty was the proximate cause of the accident *(Leone v City of Utica,* 66 AD2d 463, affd 49 NY2d 811). Finally, we note that the jury was correctly instructed on the law of comparative negligence and assumption of risk (CPLR 1411). (Appeal from judgment of Onondaga Supreme Court — negligence.) Present — Dillon, P. J., Schnepp, Callahan, Doerr and Witmer, JJ.