■ ROBERT HARRIS, Appellant, v LESSIE COOL et al., Respondents. — Judgment unanimously reversed, on the law and facts, with costs, and a new trial granted. Memorandum: Plaintiff was employed by defendants at their residence as a house painter. He was directed to store his paint in a basement area reached via a low outside entrance. Plaintiff sustained injuries when he struck his head on the low overhead doorway while fleeing a swarm of bees disturbed by defendant's spraying. He commenced an action against defendant homeowners for negligence and failure to provide a safe place to work as required by section 200 of the New York Labor Law. At the close of plaintiff's proof, the trial court granted defendants' motion, pursuant to CPLR 4401, to dismiss plaintiff's complaint. It is well settled that in deciding a motion to dismiss under CPLR 4401 the trial court must take the view of the evidence most favorable to the nonmoving party (*Bradshaw v Paduano,* 55 AD2d 828, 829; *Bartkowiak v St. Adalbert's R. C. Church Soc.,* 40 AD2d 306, 309) and should not grant the motion where the facts are in dispute or where different inferences might be drawn from the undisputed facts (*Cox v Don's Welding Serv.,* 58 AD2d 1013; *Bartkowiak v St. Adalbert's R. C. Church Soc., supra*). The test is whether the trial court could find "that by no rational process could the trier of the facts base a finding in favor of the [nonmoving party] upon the evidence here presented" (*Blum v Fresh Grown Preserve Corp.,* 292 NY 241, 245; see, also, *Cohen v Hallmark Cards,* 45 NY2d 493). Applying these principles, it was error for the trial court to grant defendants' motion to dismiss at the close of plaintiff's case. Plaintiff was employed by the defendants as a house painter and was directed to store his paints in the basement. As such, he was a business invitee (see Prosser, Torts [4th ed], § 61, pp 385-386; 46 NY Jur, Premises Liability, §§ 48-58; see, generally, *Basso v Miller,* 40

NY2d 233). Upon the proof presented at the trial, the question of whether defendants failed to provide a safe place to work as required by section 200 of the Labor Law (see *Rosenbaum v Lefrak Corp.,* 80 AD2d 337) or were otherwise negligent in spraying bees while plaintiff was present in the basement (especially in view of the low overhead cellar door) was an issue for the jury to determine. It is only when the court concludes that there is no reasonable view of the evidence upon which to assess liability that the issue should be decided as one of law (*Eddy v Syracuse Univ.,* 78 AD2d 989, 990). On our review of the record, we find triable issues of fact which should have been left to the jury for resolution. (Appeal from judgment of Cayuga Supreme Court, Contiguglia, J. — negligence.) Present — Simons, J. P., Callahan, Doerr, Denman and Moule, JJ.