■ LUCY EHLINGER, Individually and as Natural Mother of CAROL EHLINGER, Appellant, v BOARD OF EDUCATION OF NEW HARTFORD CENTRAL SCHOOL DISTRICT, Respondent. — Judgment unanimously reversed, on the law and facts, motion denied and new trial granted, with costs to abide the event. Memorandum: Carol Ehlinger, then 14 years of age, dislocated her right elbow when she struck the gymnasium wall while running the speed test portion of the New York State physical fitness test in a gym class at the Ralph Perry Junior High School. Plaintiff Lucy Ehlinger, Carol's mother, brought this action, alleging that defendant was negligent in failing to follow the recommendations in a New York State Physical Fitness Screening Test Manual for designing the course and in failing to provide adequate instructions and supervision for the students performing the test. The manual distributed by the State advises as follows: "To insure maximum safety and performance, the following steps are recommended * * * 2. Leave at least 14 feet of unobstructed space beyond the start and finish lines so that pupils will be able to run at top speed past the finish line without danger of running into the gymnasium wall or colliding with other pupils * * * Since many inexperienced runners tend to slow up as they approach the finish line, the teacher should encourage all pupils to run through the finish line." Both Carol and Sharon Finkle, a fellow student, testified at trial that the cones used to mark the finish line of the speed course were placed 8 feet from the wall not the recommended 14 feet. Carol testified that as she was going toward the finish line she started falling, saw that she was heading toward the wall and put up her hand to stop herself from hitting it. Sharon testified that the only instructions given by the gym instructor were that they were to run around the cones three times and that their partners were to record their time. At the close of plaintiff's case, defendant's motion to dismiss for failure to establish a prima facie case was granted and plaintiff appeals. In order to establish a prima facie case, plaintiff was required to show "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof. (See Prosser, Torts [4th ed], § 30, p 143.)" (*Atkins v Glens Falls City School Dist.,* 53 NY2d 325, 333.) There is no question that defendant owed a duty to Carol Ehlinger. A school has the duty to exercise the same degree of care toward its students as would a reasonably prudent parent under comparable circumstances (*Lawes v Board of Educ.,* 16 NY2d 302, 305). The issues then are whether there was sufficient evidence from which a jury could conclude that defendant breached

that duty and, if so, whether a jury could reasonably infer that defendant's breach of duty was the proximate cause of Carol's injury. The evidence established that there were State guidelines for the design of the test course, that the guidelines were intended to prevent the type of injury sustained by Carol Ehlinger, and that they were not followed by defendant. A jury could certainly find it foreseeable that, if someone is running at top speed in a racing test, she would be unable to stop in a distance less than something approximating 14 feet. There was thus sufficient proof from which a jury could conclude that the failure to follow the instructions in the manual constituted a breach of duty to plaintiff. Further, there was testimony that the only instructions given were that the students were to run around the cones three times, that the scorers were to time them, and that their time would be recorded. If, as the proof suggests, the recommendations in the State manual could not be followed because the race was taking place in the girls' gym, which was smaller than standard, the recommendations in the manual were sufficient to put the instructor on notice of a possible safety hazard created by the proximity of the finish line to the wall and she was under a duty to warn students of that danger and instruct them to take necessary precautions. There was thus sufficient proof from which a jury could conclude that defendant was negligent with respect to both the design of the course and the failure to give proper instructions. Given the proof of defendant's negligence, the issue of whether such negligence was the proximate cause of Carol's injury was properly one for the jury (see *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308). Upon defendant's motion made at the close of plaintiff's proof, the test to be applied was whether there was any rational basis on which the jury could have found for plaintiff, plaintiff being entitled to every favorable inference which could reasonably be drawn from the proof submitted (see *Rhabb v New York City Housing Auth.*, 41 NY2d 200, 202). It was certainly foreseeable that a student, running under the described conditions, would lose her balance as she approached the finish line. The jury could thus reasonably infer that defendant was under a duty to foresee the risk involved in not designing the course in the recommended manner and that its failure to do so was the proximate cause of Carol's injury (see *Eddy v Syracuse Univ.*, 78 AD2d 989, 991; Prosser, Torts [4th ed], § 44, p 272). (Appeal from judgment of Supreme Court, Oneida County, Balio, J. — dismiss complaint.) Present — Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.