SHIRLEY FEBESH, Individually and as Administratrix of the Estate of JOSEPH FEBESH, Deceased, Appellant-Respondent, v ELCEJAY INN CORP., Doing Business as FOX HOLLOW INN, Respondent-Appellant.

First Department, May 3, 1990

## APPEARANCES OF COUNSEL

*Joseph P. Napuls* of counsel *(Morris J. Eisen, P. C.,* and *B. Jennifer Jaffee,* attorneys), for appellant-respondent.

*Roger P. McTiernan* of counsel *(William E. Fay, III,* with him on the brief; *Barry McTiernan & Moore,* and *Joseph W. Conklin,* attorneys), for respondent-appellant.

## OPINION OF THE COURT

CARRO, J.

This appeal concerns whether the owner of an inn or restaurant is liable in negligence where an individual attending a party on the premises sustained severe injuries as a result of being stung by a bee or a yellow jacket while on the outdoor patio. For the reasons that follow, we conclude that defendant herein is not liable.

On August 24, 1985, plaintiffs Joseph and Shirley Febesh attended a 50th anniversary party catered by and held at the Fox Hollow Inn (the Inn), owned by defendant Elcejay Inn Corp. Although the witnesses differed on certain points, the record is clear regarding the relevant events surrounding the incident which occurred at the party. Approximately 1½ to 2 hours after arriving at the party, Joseph Febesh was on an outdoor patio of the Inn which was surrounded by shrubbery and trees, and on which hors d'oeuvres and drinks were being served, when he was stung by a bee or a yellow jacket. It is undisputed that the sting resulted in anaphylactic shock and cardiac arrest, which in turn, rendered Febesh a permanent quadraplegic.

Introduced into evidence were numerous photographs taken by various partygoers. We have seen these photographs, which show a clean, neatly maintained patio and bar area with guests both eating and drinking. Notably, the photographs do not show bees or yellow jackets on or near the tables, bar, food, or surrounding shrubbery, all of which the court below correctly noted appeared to have been maintained in a sanitary condition. Testimony was received that the area was sprayed for bees and other insects at least once a day and that, while bees had been occasionally observed on the premises, this was the first reported incident of a bee or yellow jacket stinging someone at the Inn in some 20 years.

Neither before nor after the incident herein was a nest or hive discovered. While there had been some complaints as to

the presence of "a few" or "some" or even "many" bees at the party, a former employee of the Inn, who testified on behalf of plaintiffs, noted that on the day in question there were only "a few bees, somewhere in the area of ten". The record is devoid of evidence tending to prove that there was a "swarm" of bees or yellow jackets at the Inn.

The central area of dispute in the case at bar is the duty owed by the Inn towards plaintiff. Of course, for a plaintiff to establish a cause of action sounding in negligence, he must meet the initial burden of showing (1) the existence of a duty flowing from defendant to plaintiff; (2) a breach of this duty; (3) a reasonably close causal connection between the contact and the resulting injury; and (4) actual loss, harm or damage. (Prosser and Keeton, Torts § 30, at 164-165 [5th ed].) Where the plaintiff fails to introduce evidence legally sufficient to support each and every one of these essential elements, the jury cannot properly find that the defendant has been negligent. (Akins v Glens Falls City Dist., 53 NY2d 325, 332 [1981]; Basso v Miller, 40 NY2d 233, 241-242 [1976].) Here, the duty owed by the Inn was that of exercising reasonable ordinary care, including maintaining the premises in a reasonably safe and suitable condition and warning partygoers of any hidden or concealed perils known or reasonably discoverable by the Inn; however, this court is aware that even after the exercise of reasonable care, some risk may well continue to exist. (Akins v Glens Falls City Dist., supra, 53 NY2d, at 331.)

A review of "bee sting" cases readily enables us to distinguish cases in which the harm is attributable to nature rather than negligence. In Brasseaux v Stand-By Corp. (402 So 2d 140, 143 [La Ct App 1981]), when a plaintiff turned on the shower, "a number of bees came from the direction of the shower head, stinging him", causing him to slip in the tub and break his wrist. After this, a beekeeper was called to, and in fact did, remove a beehive. The court found that defendants breached their duty, both in failing to remove the bees and in failing to warn plaintiff. In Harris v Cool (85 AD2d 921 [4th Dept 1981]), where plaintiff, employed by defendants at their residence as a house painter, "sustained injuries * * * while fleeing a swarm of bees disturbed by defendant's spraying" in an enclosed basement area where he had been directed to store his paints, the court held that viable causes of action in negligence and Labor Law existed. Similarly, in Pehowic v Erie Lackawanna R. R. Co. (430 F2d 697, 698 [3d Cir 1970]), where plaintiff employee had warned his employers that a

"large concentration * * * of bees" in the grass and brush of the railroad tracks "made it unsafe", defendants had a duty to trim the brush and undergrowth; having failed to do so, the railroad was held liable when plaintiff was subsequently stung while working in the area.

However, in *Amado v Malibu Dude Ranch* (26 NJ Super 445, 98 A2d 121 [1953]), while on a riding path, plaintiff and her horse encountered a swarm of bees. Plaintiff was thrown to the ground after the bees stung her horse; she sustained serious injuries. The court held that because there was "no substantial proof that anyone ever previously encountered a *swarm* of bees on this bridle path" *(supra,* 26 NJ Super, at 447, 98 A2d, at 122; emphasis in original), "[i]t cannot be said reasonably that knowledge * * * of the occasional presence of a bee or other stinging insect along a path would justify a finding of negligence against [defendant] if he led a group of his riding guests over it without disclosing this information to them." *(Supra,* 26 NJ Super, at 448, 98 A2d, at 123.) Neither was defendant held liable in *Rhodes v Moore & Sons* (153 Ga App 106, 107, 264 SE2d 500, 501 [1980]), where plaintiff was stung by a bee or yellow jacket in defendant's store, in view of the " 'absence of knowledge of such a danger' ". In *Holland v Keaveney* (306 So 2d 838, 840 [La Ct App 1975]), the court declined to hold a duty owing where, when a defendant demolished a courthouse wall, there was a "swarming of an unusually large amount of bees" which stung plaintiff's rare Basenji dog to death.

Viewing the facts in the light most favorable to plaintiffs, we find ourselves in agreement with the IAS court that the presence of 10 or even more bees was insufficient to impose upon defendant a duty, the breach of which would impose liability. The case law clearly supports a finding of no duty and, therefore, no liability. We are, in particular, mindful of the lack of prior incidents of this sort at the Inn; the fact that plaintiff was not attacked by a swarm of bees or yellow jackets, but rather by one such insect; the absence of a nest or hive; and the generally sanitary conditions of the Inn. We also note that plaintiff, who was one of over 50 partygoers, was not stopped from going indoors.

We believe the IAS court correctly determined that the jury erroneously found that there was a dangerous condition on the premises of which the Inn had actual or constructive notice. However, on this record, we hold that as a matter of law the quality and quantity of the evidence was such that

reasonable minds could not differ and, in fact, that the only rational conclusion to be reached was one in favor of defendant. *(Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]; *compare, Annunziata v Colasanti,* 126 AD2d 75, 79-81 [1st Dept 1981]; *see generally,* Siegel, NY Prac § 405 [regarding posttrial motions for judgment].) Therefore, the court should have granted defendant's motion for judgment notwithstanding the verdict, rather than set aside the verdict and order a new trial. Thus, we reverse, and grant that portion of defendant's motion for judgment notwithstanding the verdict and dismiss.

Finally, in view of our holding, we need not reach and, therefore, do not consider either defendant's remaining contentions or plaintiff's appeal from that part of the IAS court's order which ordered a new trial.

Accordingly, the order of the Supreme Court, New York County (Harold Baer Jr., J.), entered on or about November 4, 1988, which, upon a jury verdict awarding plaintiffs $3,000,000 and apportioning liability equally between plaintiff and defendant, granted that part of defendant's motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence, and ordered a new trial, and denied that part of defendant's motion for judgment notwithstanding the verdict, should be modified, on the law, and judgment of dismissal notwithstanding the verdict granted, without costs.

SULLIVAN, J. P., ROSENBERGER, KASSAL and ELLERIN, JJ., concur.

Order, Supreme Court, New York County, entered on or about November 4, 1988, unanimously modified, on the law, without costs and without disbursements, the judgment of dismissal notwithstanding the verdict is granted.