■ JEANNE JERAS, as Administratrix of the Estate of PAUL A. JERAS, Deceased, Appellant, v EAST MANUFACTURING CORP. et al., Appellants, and HUGH COLE CONSTRUCTION, LTD., Respondent, et al., Defendants. (Appeal No. 2.)—Judgment affirmed without costs. Memorandum: The court did not err in dismissing the complaint as against defendants Hugh Cole Construction, Ltd. and Robran Construction, Ltd. Although employees of Hugh Cole Construction loaded the trailer, there was no evidence that the distribution of the load or the method of loading played any part in the accident. Moreover, although one of the employees of Hugh Cole Construction may have previously suggested the route that Newco Waste Systems drivers used, this was a commonly used truck route and there was no evidence that it had proven unsafe in the past. There is no evidence to suggest that Robran Construction played any part in the loading of the trailer.

All concur, except Dillon, P. J., and Lawton, J., who dissent and vote to reverse and grant a new trial, in the following memorandum.

Dillon, P. J., and Lawton, J. (dissenting). We respectfully dissent. Supreme Court erred in granting defendants', Hugh Cole Construction and Robran Construction, motions for a directed verdict *(see,* CPLR 4401). Viewing the evidence, as we must, against those defendants in the light most favorable to plaintiff, and granting it the benefit of all reasonable inferences, we conclude that it was sufficient to withstand defendants' motions for a directed verdict *(see, Cox v Don's Welding Serv.,* 58 AD2d 1013). Supreme Court's dismissal of plaintiff's complaint against defendants Cole and Robran should be reversed and a new trial granted. (Appeals from judgment of Supreme Court, Niagara County, Koshian, J.—trial order of dismissal.) Present—Dillon, P. J., Boomer, Pine, Lawton and Lowery, JJ. *[See,* 143 Misc 2d 188.]