■ MARK HAMPTON, INC., Plaintiff, v MORRIS H. BERGREEN et al., Appellants-Respondents, and MARK HAMPTON, Respondent-Appellant.—Order, Supreme Court, New York County (Carol Arber, J.), entered on January 12, 1990, which granted the motion by the additional defendant on the counterclaims, Mark Hampton ("Hampton"), to dismiss the defendants' first counterclaim as against Hampton, individually, and which denied Hampton's motion to dismiss the second counterclaim as against Hampton individually, unanimously modified, on the law and on the facts, to grant Hampton's motion to dismiss the second counterclaim as against Hampton individually, and otherwise affirmed, without costs.

Although on a motion addressed to the sufficiency of a complaint, the facts pleaded are presumed to be true and accorded every favorable inference *(Morone v Morone,* 50 NY2d 481, 484 [1980]), nevertheless, "allegations consisting of bare legal conclusions, as well as factual claims either inherently incredible or flatly contradicted by documentary evidence are not entitled to such consideration" *(Roberts v Pollack,* 92 AD2d 440, 444 [1983]; *accord, Gertler v Goodgold,* 107 AD2d 481, 485, *affd* 66 NY2d 946 [1985]; *Riffat v Continental Ins. Co.,* 104 AD2d 301, 302 [1984]).

Upon examination of the record, we find that the IAS court did not err in dismissing defendants' first counterclaim for contractual liability in connection with the rendering of design services for their home in Greenwich, Connecticut,

against Hampton individually, where the defendants' contractual claim is "flatly contradicted by documentary evidence" consisting of estimates, invoices, checks and correspondence, establishing the existence of an agreement between only the defendants and the corporate plaintiff *(Blackgold Realty Corp. v Milne,* 119 AD2d 512 [1986], *affd* 69 NY2d 719 [1987]).

We find, however, that the IAS court erred in refusing to dismiss the defendants' second counterclaim premised upon negligence as against Hampton individually where, by reason of the contract between the defendants and the corporate plaintiff, defendants are unable to establish the threshold element of the existence of a duty flowing from Hampton individually to the defendants which is essential to a cause of action in negligence. *(Pulka v Edelman,* 40 NY2d 781, 782 [1976]; *Febesh v Elcejay Inn Corp.,* 157 AD2d 102, 104 [1990], *lv denied* 77 NY2d 801 [1991].)

[The unpublished decision and order of this Court entered on February 26, 1991, as corrected on March 5, 1991, is recalled and vacated.] Concur—Milonas, J. P., Ellerin, Wallach, Kassal and Smith, JJ.