■ VITALY WEILER, Appellant, v KUBA & KUBA et al., Respondents. [674 NYS2d 322] —Order, Supreme Court, New York County (Richard Braun, J.), entered on or about September 19, 1997, which insofar as appealed from, granted defendants attorneys' CPLR 3211 (a) (7) motion to dismiss various of plaintiff client's causes of action denominated as breaches of contractual and fiduciary duties and negligent representation, without leave to replead as causes of action for legal malpractice, unanimously affirmed, with costs.

Plaintiff's allegations that he was arrested as a result of defendants' incorrect advice that he was entitled to repossess the medallions from his lessee is flatly contradicted by documentary evidence (*see, Mark Hampton, Inc. v Bergreen*, 173 AD2d 220) that plaintiff was arrested for third degree robbery and impersonating a police officer. Nowhere in the record

does plaintiff claim that defendants advised plaintiff that he could repossess the medallions in that manner. Concerning plaintiff's claim that defendants, in continuing to represent him in the action brought by the lessee for return of the medallions when a member of defendants' firm had been named a co-defendant, acted in their own self-interest in advising him to settle that action, and that he settled the action because of defendants' "negligence, coercion and acquiescence", the IAS Court correctly perceived that redress could not be granted on the theory that settlement was effectively compelled by any mistakes by defendants in defending the action. Plaintiff's allegation that the civil action brought by the lessee lacked merit is insufficient to show that the advice to settle was not reasonable (cf., *Bernstein v Oppenheim & Co.*, 160 AD2d 428, 430). Concur—Williams, J. P., Tom, Mazzarelli and Andrias, JJ.