■ SHY STANTON et al., Appellants, v ROBERT POMFREY, Respondent. [698 NYS2d 184] —Order affirmed without costs for reasons stated in decision at Supreme Court, Hurlbutt, J.

All concur except Hayes and Balio, JJ., who dissent and vote to reverse in the following Memorandum.

Hayes and Balio, JJ. (dissenting). We respectfully dissent. Supreme Court erred in granting defendant's motion for sum-

mary judgment dismissing the complaint. While repaving the driveway of defendant's home, Shy Stanton (plaintiff) and his fellow workers encountered a nest of bees located close to the driveway. The evidence, viewed in the light most favorable to the nonmoving party (*see, Greco v Boyce*, 262 AD2d 734; *Krampen v Foster*, 242 AD2d 913, 914), establishes that defendant provided plaintiff's supervisor with a can of insect spray; that plaintiff sprayed some of the contents of the can on the nest for approximately 30 seconds; and that, when the bees came out of the nest, plaintiff jumped onto the concrete floor of the garage to avoid an area of the driveway freshly covered with blacktop, slipped and fell on his back. Defendant owed a duty to exercise reasonable care in maintaining the premises in a reasonably safe condition (*cf., Febesh v Elcejay Inn Corp.*, 157 AD2d 102, 104, *lv denied* 77 NY2d 801), and he failed to meet his initial burden of establishing that the insect spray supplied to plaintiff was appropriate for bees. Whether defendant was negligent in providing the can of insect spray for use in controlling the bees and whether his conduct was a proximate cause of plaintiff's accident are issues for the jury's determination (*see, Harris v Cool*, 85 AD2d 921, 922; *Pehowic v Erie Lackawanna R. R. Co.*, 430 F2d 697, 700). Thus, we would reverse the order, deny defendant's motion for summary judgment and reinstate the complaint. (Appeal from Order of Supreme Court, Oswego County, Hurlbutt, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Wisner, Pigott, Jr., and Balio, JJ.