## Premier Enter. Co., Inc. v Liffey Van Lines, Inc.

2026 NY Slip Op 30932(U)

March 12, 2026

Supreme Court, New York County

Docket Number: Index No. 155714/2023

Judge: Brendan T. Lantry

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. BRENDAN T. LANTRY

*Justice*

PART    46M

-----------------------------------------------------------------------X

PREMIER ENTERPRISE CO., INC., FRANKLIN CAPITAL GROUP, LLC, and WINSTON WARNER, Additional Defendant on the Counterclaim,

Plaintiffs,

- against -

LIFFEY VAN LINES, INC., RUSCOE PROPERTIES, INC., and DORF ASSOCIATES, INC.,

Defendants.

-----------------------------------------------------------------------X

RUSCOE PROPERTIES, INC.,

Plaintiff on the Counterclaim,

- against –

PREMIER ENTERPRISE CO., INC. and FRANKLIN CAPITAL GROUP, LLC, and WINSTON WARNER, Additional Defendant on the Counterclaim,

Defendants on the Counterclaim.

-----------------------------------------------------------------------X

| INDEX NO. | 155714/2023 |
| MOTION DATE | 12/06/2025 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 36, 37, 38, 39 were read on this motion to/for                    DISMISS                    .

Upon the foregoing documents, the motion by Defendant DORF ASSOCIATES, INC. (hereinafter "DORF") and Defendant/Plaintiff on the Counterclaims RUSCOE PROPERTIES, INC. (hereinafter "RUSCOE") for an Order dismissing the Plaintiff's claims in this action in their entirety pursuant to CPLR § 3211 (a)(1) and (a)(7) are determined below. The Plaintiffs do not oppose the motion.

Movants DORF and RUSCOE rely in large part upon the Decision and Order of the Honorable Richard G. Latin dated December 1, 2025, which granted the motion by PREMIER ENTERPRISE CO.,

**155714/2023   PREMIER ENTERPRISE CO., INC. ET AL vs. LIFFEY VAN LINES, INC. ET AL**            **Page 1 of 4**
**Motion No.  003**

1 of 4

[* 1]

INC. (hereinafter "PREMIER"), FRANKLIN CAPITAL GROUP, LLC (hereinafter "FRANKLIN"), and WINSTON WARNER (hereinafter "WARNER") pursuant to CPLR § 3211 (a)(7) to dismiss the counterclaims by RUSCOE, except as to that portion of the motion which sought to dismiss RUSCOE's third counterclaim against WARNER for breach of guarantee, which was denied by the Court (NYSCEF Doc. No. 30).

CPLR § 3211(a) provides, in relevant part, that "[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that . . . 1. a defense is founded upon documentary evidence; or . . . 7. the pleading fails to state a cause of action."

On a motion to dismiss upon documentary evidence, the complaint should be afforded a "liberal construction" (*Leon v Martinez*, 84 NY2d 83 [1994]). Furthermore, the facts in the complaint should be accepted as true, and the pleading should be accorded the benefit of every possible favorable inference. (*Id*). Under CPLR § 3211(a)(1), dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law (*Id.;* citing *Heaney v Piirdy*, 29 NY2d 157 [1971]).

On a motion to dismiss pursuant to § 3211(a)(7), "the allegations in the complaint are to be afforded liberal construction, and the facts alleged therein are to be accepted as true, according a plaintiff the benefit of every possible favorable inference and determining only whether the facts alleged fit within any cognizable legal theory." (*M & E 73-75, LLC v 57 Fusion LLC*, 189 AD3d 1 [1st Dept 2020]). The motion must be denied if, from the four corners of the pleadings, "factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*Polonetsky v Better Homes Depot*, 97 NY2d 46, 54 [2001] [internal quotation omitted]). A complaint should not be dismissed so long as, "when the plaintiff's allegations are given the benefit of every possible inference, a cause of action exists," and a plaintiff may cure potential deficiencies in its pleading through affidavits and other evidence (*R.H. Sanbar Projects v Gruzen Partnership*, 148 AD2d 316, 318 [1st Dept 1989]). However, bare legal conclusions and factual allegations which are inherently incredible or contradicted by documentary evidence are not presumed to be true (*see Mark Hampton, Inc. v Bergreen*, 173 AD2d 220 [1st Dept 1991]).

155714/2023   PREMIER ENTERPRISE CO., INC. ET AL vs. LIFFEY VAN LINES, INC. ET AL        Page 2 of 4
Motion No.  003

2 of 4

Here, the Plaintiffs' causes of action sound in Conversion and Unjust Enrichment pertain to property (hereinafter the "Property") that remained in 178-18 107th Avenue, Jamaica, NY (hereinafter the "Premises") following an eviction of Plaintiff PREMIER from the Premises. Plaintiff FRANKLIN asserts that it was a first-position secured creditor of Plaintiff PREMIER.

As observed by Justice Latin in the Decision and Order dated December 1, 2025, the "alterations" provision in the lease agreement between RUSCOE and PREMIER dated June 24, 2020 (hereinafter the "Lease") provides, in relevant part:

> "All property permitted or required to be removed by Tenant at the end of the term remaining in the demised premises after Tenant's removal shall be deemed **abandoned** and may, at the election of Owner, either be retained as Owner's property or removed from the demised premises by Owner, at tenant's expense" (NYSCEF # 6 at 1) (emphasis added).

As such, the Property was abandoned in accordance with the lease (NYSCEF # at 9; NYSCEF # 6 at 1; NYSCEF # 30).

As the Court of Appeals held in *Colavito v New York Organ Donor Network, Inc.,* 8 NY3d 43, 49-50 [2006], "[a] conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession. Two key elements of conversion are (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights."

The Defendants correctly argue that because Justice Latin has found that Plaintiffs do not have a possessory right or interest in the Property, Plaintiffs' conversion claim should be dismissed.

As to unjust enrichment, "a party may not recover in . . . unjust enrichment where the parties have entered into a contract that governs the subject matter." (*Pappas v Tzolis*, 20 NY3d 228, 234 [2012]; *quoting Cox v. NAP Constr. Co., Inc., 10 N.Y.3d 592, 607, 861 N.Y.S.2d 238, 891 N.E.2d 271 [2008]*).

As the Lease governs the subject matter of the claim, the Plaintiff's unjust enrichment claim is dismissed.

Accordingly, the Plaintiff's causes of action sounding in Conversion and Unjust Enrichment are dismissed, with prejudice.

**155714/2023   PREMIER ENTERPRISE CO., INC. ET AL vs. LIFFEY VAN LINES, INC. ET AL**          **Page 3 of 4**
**Motion No.  003**

3 of 4

[* 3]

**Conclusion**

WHEREFORE, it is hereby:

ORDERED, that the motion by Defendant DORF ASSOCIATES, INC. (hereinafter "DORF") and Defendant/Plaintiff on the Counterclaims RUSCOE PROPERTIES, INC. (hereinafter "RUSCOE") for an Order dismissing the Plaintiff's claims in this action in their entirety pursuant to CPLR § 3211 (a)(1) and (a)(7) is granted, without opposition; and it is further

ORDERED that the action is dismissed, with prejudice, as against Defendants DORF ASSOCIATES, INC. and RUSCOE PROPERTIES, INC.; and it is further

ORDERED that, within 20 days from entry of this order, counterclaim defendants shall serve a copy of this order with notice of entry upon the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

ORDERED that the remaining parties shall appear for a Preliminary Conference in this matter on April 15, 2026 at 9:30 a.m. in Room 103 at the courthouse located at 71 Thomas Street, New York, NY.

This constitutes the Decision and Order of the court.

| **3/12/2026** | | | | |
| DATE | | | BRENDAN T. LANTRY, J.S.C. | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**155714/2023   PREMIER ENTERPRISE CO., INC. ET AL vs. LIFFEY VAN LINES, INC. ET AL**          **Page 4 of 4**
**Motion No.  003**

4 of 4