**Eleanor M. STAGL, Appellant,**

v.

**DELTA AIR LINES, INC., Appellee.**

**No. 1117, Docket 96–9087.**

United States Court of Appeals, Second Circuit.

Argued March 26, 1997.

Decided July 7, 1997.

---

Benjamin Greshin, Greshin, Ziegler & Pruzansky, Smithtown, NY, for Appellant.

Marguerite D. Peck, Downing & Mehrtens, New York City, for Appellee.

Before: NEWMAN, Chief Judge, CALABRESI, Circuit Judge and HURLEY, District Judge.*

CALABRESI, Circuit Judge:

Eleanor Stagl appeals from a judgment of the United States District Court for the Eastern District of New York (Manuel L. Real, *Judge*[1]), granting a motion by the defendant, Delta Air Lines, Inc. ("Delta"), for judgment as a matter of law at the close of her presentation of evidence at trial.

In June 1993, Stagl filed a personal injury action against Delta alleging that she was injured in an accident that resulted from Delta's negligent supervision and management of its baggage retrieval system. The United States District Court for the Eastern District of New York (John R. Bartels, *Judge*) granted summary judgment to Delta and dismissed Stagl's action on the grounds that Stagl had failed to establish that Delta had a duty to make safe the baggage retrieval area, and that, in any event, Delta had fulfilled its duty to act reasonably under the circumstances. On appeal, this court vacated the grant of summary judgment, reversed the court's denial of Stagl's cross-motion to compel additional discovery, and remanded for further proceedings. We held that Delta owed Stagl a duty to maintain its luggage retrieval area in a reasonably safe condition and that there might exist genuine issues of material fact with respect to whether Delta had discharged its duty and whether Delta's conduct was the proximate cause of Stagl's injuries. *See Stagl v. Delta Airlines, Inc.*, 52 F.3d 463 (2d Cir.1995).

On remand, the district court conducted a jury trial. At the end of Stagl's case-in-chief, the court granted Delta's motion for judgment as a matter of law, holding that there was insufficient evidence to support a jury determination that the accident was foreseeable since no evidence had been presented that similar prior accidents had occurred. Stagl appeals this judgment. She argues that the judgment is inconsistent with this court's opinion in *Stagl* and with New York tort law. She further contends that the district court violated the doctrine of the law of the case and the Federal Rules of Evidence when it found that Grahme Fischer, a mechanical engineer, was unqualified to give expert testimony at trial. Finally, Stagl objects to the district court's exclusion of other evidence regarding the circumstances surrounding her accident. Because we find that the district court erred in excluding this other testimony, in ruling that Fischer was unqualified to give expert testimony, and in concluding that evidence of prior accidents was necessary to prove negligence, we vacate the district court's judgment.

## I. BACKGROUND

We assume familiarity with the facts of this case set forth in our prior opinion, *see Stagl*, 52 F.3d at 465–66, and therefore only briefly summarize the circumstances giving rise to this action. On May 1, 1993, Stagl, an elderly woman, was injured near the baggage carousel after landing in LaGuardia Airport on a delayed Delta flight from Orlando, Florida. She brought this diversity action in the

---

* The Honorable Denis R. Hurley, of the United States District Court for the Eastern District of New York, sitting by designation.

1. The Honorable Manuel L. Real, of the United States District Court for the Central District of California, sitting by designation.

district court, alleging that the airline had negligently failed to take any measures to control the crowd at the baggage carousel or to provide a means by which elderly and disabled people could retrieve their luggage safely. She further alleges that Delta's inaction proximately caused her physical injuries.

At trial, Stagl testified that at the baggage carousel, there was a crowd of passengers, many of whom were "pushing and shoving." She stated that there were no announcements, signs, or Delta personnel near the carousel discouraging this behavior. According to her testimony, when a passenger retrieved his bag from the carousel, his bag hit another bag which in turn hit Stagl, knocking her down and breaking her hip. Two Delta employees testified with respect to the conditions near the baggage carousels. During the testimony of Stagl and the Delta personnel, the court, on the ground that such testimony was irrelevant, refused to allow answers to many questions about the conditions at the airport at the time of the accident.

In response to a motion in limine by Delta, the district court also excluded the testimony of Stagl's expert, Grahme Fischer. It held that Fischer was "not qualified to give an opinion with reference to the facts of this case or to help the jury in the determination of the facts of this case and the cause of the accident to Mrs. Stagl ... [because] [h]is expertise is not in this area." No other expert testified on behalf of Stagl.

At the end of Stagl's case-in-chief, the court granted judgment in favor of Delta as a matter of law, ruling that, since there was no evidence that prior accidents of this sort had occurred, no reasonable jury could conclude that Stagl's accident was foreseeable.

## II. DISCUSSION

■ As amended in 1991, Federal Rule of Civil Procedure 50(a)(1) states the following:

If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim ... that cannot under the controlling law be maintained ... without a favorable finding on that issue.

In examining a defendant's motion for judgment as a matter of law pursuant to this rule, the district court "must view the evidence in a light most favorable to the nonmovant and grant that party every reasonable inference that the jury might have drawn in its favor." *Purgess v. Sharrock,* 33 F.3d 134, 140 (2d Cir.1994). A district court may grant a judgment as a matter of law pursuant to this rule only if no reasonable jury could find for the non-moving party. *See Samuels v. Air Transp. Local 504,* 992 F.2d 12, 14 (2d Cir. 1993). We apply the same standards when we review a district court's grant of a judgment as a matter of law. *See In re Joint Eastern & Southern Dist. Asbestos Litig.,* 52 F.3d 1124, 1131 (2d Cir.1995).

■ In order to establish a prima facie case of negligence under New York law, Stagl must demonstrate: "1) the existence of a duty flowing from defendant to plaintiff; 2) a breach of this duty; 3) a reasonably close causal connection between the contact and the resulting injury; and 4) actual loss, harm or damage." *Febesh v. Elcejay Inn Corp.,* 157 A.D.2d 102, 104, 555 N.Y.S.2d 46, 47 (1st Dep't 1990), *appeal denied,* 77 N.Y.2d 801, 566 N.Y.S.2d 586, 567 N.E.2d 980 (1991).

Stagl suggests that when the district court found her evidence of negligence insufficient as a matter of law, it violated the law of the case established in our prior holding in *Stagl.* We disagree.

■ Under the "law of the case" doctrine, "[w]here a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court." *United States v. Fernandez,* 506 F.2d 1200, 1202 (2d Cir.1974) (citation and internal quotation marks omitted). In such cases, we retain the authority to ensure that our mandate is not misconstrued and is given effect. *See In re Ivan F. Boesky Secs. Litig.,* 957 F.2d 65, 69 (2d Cir.1992); *Carroll*

*v. Blinken,* 42 F.3d 122, 126 (2d Cir.1994). "Indeed, because the district court has no discretion in carrying out the mandate, the appellate court retains the authority to determine whether the terms of the mandate have been scrupulously and fully carried out." *In re Ivan F. Boesky Secs. Litig.,* 957 F.2d at 69 (citation and internal quotation marks omitted). Our prior holding in this case was that, under New York law, Delta owed Stagl a duty of reasonable care and that the presence of an intervenor, the passenger whose bag removal from the carousel allegedly led indirectly to Stagl's injury, did not as a matter of law break the chain of causation. We therefore found that the question of proximate cause was one for the jury to decide. *See Stagl,* 52 F.3d at 473–74. On the prior appeal, we also assessed whether the affidavits submitted by Stagl in opposition to Delta's motion for summary judgment were enough to demonstrate the existence of genuine issues of material fact and held that they were. On remand, the issue for the district court was whether the evidence presented by Stagl at trial sufficed to get to a jury. Though a record sufficient to warrant jury consideration is usually assembled in the aftermath of a reversal of summary judgment, that outcome is not inevitable, and, in any event, is to be determined by the record that is made, not by the law of the case doctrine. It is therefore clear that the law of the case did not require the district court to conclude that a reasonable jury could have found that Stagl's evidence sufficiently established Delta's negligence.

◼ The district court nevertheless was mistaken in its principal holding that without evidence of prior accidents Stagl could not meet her burden of proving (a) that the accident was foreseeable, and hence (b) that Delta had breached its duty of reasonable care. The court was perhaps misled in this respect by the fact that, in our earlier opinion, we noted that the plaintiff was seeking discovery to see whether such accidents had happened before and that the district court had erred in not letting her do so. *Id.* at 474. We pointed out that the existence of such accidents would be relevant to the issues of negligence and of proximate cause.

*Id.* But our discussions of Delta's alleged breach of duty and Stagl's cross motion for additional discovery also made clear that such evidence—though relevant—was not necessary to a showing of negligence in the particular case. *Id.* at 470–73, 474. If there is sufficient other evidence of negligence, no evidence of prior accidents is required. The district court was therefore wrong in granting judgment to Delta as a matter of law.

◼ The district court also erred in excluding much of Stagl's evidence. Whether there was, in this case, sufficient evidence of negligence to get to a jury, depends, among other things, on the foreseeability of an injury of this sort, on the conditions around the carousel at the time of the accident, and on what the defendant could reasonably have done, even apart from installing other systems of baggage delivery, to protect the plaintiff. In addition to attempting to introduce Fischer as an expert witness, the plaintiff tried to testify to some of these factors herself. She also sought to introduce witnesses who were present at the accident so that they could speak to the same questions. But the district court excluded almost all such testimony on the ground that it was *irrelevant.* This ruling is manifestly incorrect, since the testimony would have tended to prove material issues in dispute. *See* Fed. R.Evid. 401 (" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 587, 113 S.Ct. 2786, 2794, 125 L.Ed.2d 469 (1993) (noting that this standard is "a liberal one").

Nor was this error harmless, as it might have been had the district court been correct in its view that either evidence by a qualified expert or evidence of prior accidents is essential to proving negligence. Instead, neither of these is necessary if enough other evidence of negligence is presented. It follows that precluding Stagl's legitimate attempt to introduce just such other relevant evidence was not harmless.

The district court's exclusion of Stagl's expert was also erroneous, though not for the reasons Stagl adduces. Stagl contends that the court violated the law of the case when it ruled that Grahme Fischer was not qualified to present expert testimony in this case. We did not, however, decide that issue in the prior case. While our references to the Fischer affidavit certainly imply that his credentials were at least sufficient to permit a district judge to allow him to offer an expert opinion, we did not go further and undertake to rule on his admissibility ourselves. We simply noted that an expert whom a district court could properly deem qualified was prepared to testify to alternative measures for making the baggage carousel safer. That, we said, meant that the plaintiff might well be able to demonstrate negligence at trial. Accordingly we could not affirm the lower court's judgment on its alternate, "lack of negligence," grounds, and we vacated its erroneous conclusion that Delta owed no duty to Stagl. *See Stagl,* 52 F.3d at 472–73.

▮ While the law of the case did not require the district court to find Fischer qualified to provide expert testimony, the court nevertheless erred in failing to do so. The admission and qualification of experts pursuant to Federal Rule of Evidence 702 is in the broad discretion of the district court. *See Boucher v. United States Suzuki Motor Corp.,* 73 F.3d 18, 21 (2d Cir.1996) (per curiam). We hold, however, that the district court abused that discretion.

Federal Rule of Evidence 702 states that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." In admitting expert testimony, a trial court must determine whether the expert's reasoning and methodology can appropriately be applied to the facts of the case before it. *See Daubert,* 509 U.S. at 592–93, 113 S.Ct. at 2796–97. In some circumstances, therefore, a district court may properly conclude that witnesses are insufficiently qualified despite the relevance of their testimony because their expertise is too general or too deficient. Such circumstances did not obtain in this case.

▮ In determining whether an expert is sufficiently knowledgeable to be admitted to testify, one of the factors that the district court ought to consider is whether other experts exist who are more specifically qualified and who are nonetheless not in the employ of the company or industry whose practices are being challenged. If the only experts permitted to testify inevitably represent the same side of a civil case, those who possess these experts can, for all practical purposes, set their own standards. And allowing an industry to do this is improper because it is very similar to what has long since been held inappropriate, namely, letting the custom of an industry or trade define what is reasonable in that trade.[2]

> [I]n most cases reasonable prudence is in fact common prudence; but strictly it is never its measure; a whole calling may have unduly lagged in the adoption of new and available devices. It never may set its own tests, however persuasive be its usages. Courts must in the end say what is required; there are precautions so imperative that even their universal disregard will not excuse their omission.

*The T.J. Hooper,* 60 F.2d 737, 740 (2d Cir. 1932) (Learned Hand, J.); *see also Hoemke v. New York Blood Ctr.,* 912 F.2d 550, 552 (2d Cir.1990) ("[I]f a given industry lags behind in adopting procedures that reasonable prudence would dictate be instituted, then we are free to hold a given defendant to a higher standard of care than that adopted by the industry.").

---

**2.** The district court also came close to the erroneous position of allowing the industry to define what is reasonable when it held (incorrectly) that, because there was no evidence of prior accidents, there was insufficient evidence of negligence in this case. Such a holding would mean that for the first accident of any given type, no matter what the circumstances, the defendant's actions would be deemed reasonable as a matter of law. This would discourage suits and would consequently make it more difficult for plaintiffs in later accidents to show that very evidence of prior accidents that the district court thought was essential in this case.

Fischer has an undergraduate degree from Manhattan College and a master of science from Columbia University, both in mechanical engineering. He has worked as a licensed engineer in New York for approximately twenty years. The focus of the defendant's voir dire examination of Fischer—the primary basis for the district court's determination that his testimony would not be allowed—concerned whether Fischer had expertise in airline terminal or baggage claim area design. Fischer admitted that he did not, but testified credibly that his field of expert knowledge is the interaction between machines and people.

In alleging that the baggage delivery system was unreasonably unsafe for older people, Stagl suggests that the interaction between the baggage claim system employed by Delta and the passengers attempting to claim their baggage caused her injury. This interaction between people and machinery is clearly of the sort that Fischer has worked with in depth. And, as we pointed out, testimony about that interaction, and the existence of methods that would make it safer, is directly relevant to Delta's possible negligence in this case. Moreover, such testimony would most likely be beyond the knowledge of an average juror. Nonetheless, the court concluded that Fischer was unqualified because his expertise was insufficiently tailored to the facts of this case.

It is hard to imagine an expert in airport terminal design or baggage claim systems who developed that expertise in any way other than by working for the airline industry. Accordingly, to require the degree of specificity the court imposed came close to letting that industry indirectly set its own standards. At times this cannot be avoided. But where, as here, well-trained people with somewhat more general qualifications are available, it is error to exclude them. For this reason, the court should have allowed Fischer, an undoubted expert in human-machine interactions, to testify.

### III.  CONCLUSION

Even with all the limitations the court imposed on Stagl's presentation of evidence, she has come very close to introducing enough facts to allow a reasonable jury to rule in her favor. How much more evidence, if any, would be needed to avoid a judgment as a matter of law against her, need not be decided today. It is enough for us to hold that the district court erred in requiring Stagl to introduce evidence of prior similar accidents, in finding that Fischer was unqualified to provide expert testimony regarding alternative safety measures, and in excluding, as irrelevant, testimony designed to demonstrate that Delta had breached its duty of reasonable care to Stagl. Accordingly, we vacate the district court's judgment and remand for further proceedings consistent with this opinion.