**Valentine COLOMBO and Margaret Colombo, Plaintiffs,**

v.

**CMI CORPORATION, Defendant.**

No. 96–CV–6028L.

United States District Court,
W.D. New York.

Nov. 16, 1998.

Matthew F. Belanger, Faraci, Lange, Johns, Regan & Schwarz, LLP, Rochester, NY, for Valentine Colombo, Margaret Colombo, plaintiffs.

Neil A. Goldberg, Saperston & Day, P.C., Buffalo, NY, Scott R. Jennette, Saperston & Day, P.C., Rochester, NY, Cary E. Hiltgen, Alvin R. Wright, Michael D. Denton, Cary E. Hiltgen & Associates, Oklahoma City, OK, for CMI Corporation, defendant.

### DECISION AND ORDER

LARIMER, Chief Judge.

Defendant CMI Corporation ("defendant" or "CMI") moves to exclude the testimony of Dr. Igor Paul, an expert retained by plaintiffs Valentine and Margaret Colombo ("plaintiffs"). Plaintiff, Valentine Colombo, suffered serious injuries in the course of his employment while working with a piece of road construction equipment called a pavement profiler. Dr. Paul is expected to give testimony and opinions concerning certain design defects in the pavement profiler. For the reasons that follow, defendant's motion is in all respects denied.

### The Legal Standards

The Federal Rules of Evidence permit opinion testimony by experts when the witness is "qualified as an expert by knowledge, skill, experience, training, or education," and "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." F.R.E. 702. In reviewing a proffer of expert testimony, this Court must determine whether the expert's testimony "rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) (*"Daubert"*); *Zuchowicz v. United States,* 140 F.3d 381, 386 (2d Cir.1998). The inquiry should be a flexible one. *Id.* at 594–595, 113 S.Ct. 2786; *see also Deere v. Goodyear Tire & Rubber Co.,* 175 F.R.D. 157, 163 (N.D.N.Y.1997).

### Analysis

Dr. Paul has an extensive *curriculum vitae.* He received his Masters Degree and doctorate in science from the Massachusetts Institute of Technology ("MIT"), and has been a member of MIT's Product Design and Controls Division of its Mechanical Engineering Department faculty for 34 years. He has taught at both the graduate and undergraduate levels. He is a registered professional engineer.

Dr. Paul has testified in approximately nineteen cases involving allegations of defective design due to inadequate guarding in the past five years alone, and he has testified on behalf of both plaintiffs and defendants.

The Supreme Court, in *Daubert,* provided district courts with a list of "general observations" to assist them in determining whether a theory or technique is based upon "scientific knowledge."

- Has the theory or technique been tested?
- Has the theory or technique been subjected to peer review and publication?
- In the case of a technique, what is the known or potential rate of error?
- General acceptance of the theory or technique. *Id.* at 593–594, 113 S.Ct. 2786.

Defendant's heavy reliance upon these observations is misplaced though. In the instant case, Dr. Paul's proposed testimony does not "present the kind of 'junk science' problem that *Daubert* meant to address." *Iacobelli Construction, Inc. v. County of Monroe,* 32 F.3d 19, 25 (2d Cir.1994); *see also Safrani v. Werner Co.,* 95–cv–1267 (LBS), 1997 WL 729110 (S.D.N.Y.1997) (finding that "[t]he defendant's heavy reliance on *Daubert* is misplaced, [because] [a]s the case law in this

Circuit makes clear, '*Daubert*'s narrow focus is on the admissibility of novel scientific evidence ....' [and that with respect to testimony that does not involve 'junk science,'] *Daubert*'s strictures are not implicated") (citations omitted). *See also Lappe v. American Honda Motor Co.*, 857 F.Supp. 222, 228 (N.D.N.Y.), *aff'd*, 101 F.3d 682 (1996) ("*Daubert* only prescribes judicial intervention for expert testimony approaching the outer boundaries of traditional scientific and technological knowledge"); *Compton v. Subaru of America, Inc.*, 82 F.3d 1513, 1518 (10th Cir.), *cert. denied*, ⸺ U.S. ⸺, 117 S.Ct. 611, 136 L.Ed.2d 536 (1996) ("[t]he language in *Daubert* makes clear the factors outlined by the Court are applicable only when a proffered expert relies on some principle or methodology. In other words, application of the *Daubert* factors is unwarranted in cases where expert testimony is based solely upon experience or training").

■ Defendant argues that Dr. Paul's testimony is inadmissible because his alleged methodology was unscientific and unreliable. Defendant contends that Dr. Paul is not qualified to render an opinion at all in this case because he has no expertise in the design and manufacture of pavement profiler machinery. I disagree. The inquiry under F.R.E. 702 "is whether the expert is generally qualified to render an opinion *on the question at issue*," *Christophersen v. Allied–Signal Corp.*, 939 F.2d 1106, 1110 (5th Cir.1991), *cert. denied*, 503 U.S. 912, 112 S.Ct. 1280, 117 L.Ed.2d 506 (1992), not whether he is an expert in the general subject matter of the litigation. The fact that plaintiffs' expert may not have dealt before with the type of machinery involved is not dispositive. *See Stagl v. Delta Air Lines, Inc.*, 117 F.3d 76, 82 (2d Cir.1997) (finding that trial court committed error in excluding testimony by plaintiff's engineering expert on the ground that his expertise was insufficiently tailored to the allegedly defective machinery at issue, and ruling that "where, as here, well-trained people with somewhat more general qualifica-

tions are available, it is error to exclude them"). *See DeLuca v. Merrell Dow Pharmaceuticals, Inc.*, 911 F.2d 941, 953 (3d Cir. 1990) ("[g]iven the liberal criteria that governs the expertness inquiry," it was improper for district court to discard witness' analysis of epidemiological evidence in part because he was not an epidemiologist).

■ I also reject defendant's contention that Dr. Paul's methods were not sufficiently reliable or accepted by the scientific community to be admissible. Although a district court "may ... inquire into the reliability and foundation of any expert opinion to determine admissibility," *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir.1987), "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *Id.*

■ Defendant notes that Dr. Paul's findings have not been verified by others in his field. That, however, is not in itself a sufficient reason to exclude his testimony. *See FDIC v. Suna Assocs., Inc.*, 80 F.3d 681, 687 (2d Cir.1996) (*citing Daubert* for proposition that "publication ... does not necessarily correlate with reliability"). Indeed, "[d]isputes as to the strength of [an expert's] credentials, faults in his use of ... a methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility of his testimony." *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir.1995) [1]; *see also Lappe v. American Honda Motor Co.*, 857 F.Supp. at 228 (finding that the failure of a proffered expert to perform certain tests or measurements "will go to the weight of his testimony, not its admissibility"); *Marmol v. Biro Manuf. Co.*, 93–cv–2659 (SJ), 1997 WL 88854 (E.D.N.Y.1997) (rejecting argument that expert be excluded because he never designed the equipment at issue, and because he never operated that equipment, and holding that such criticisms are generally issues "which go to the weight,

1. "Trial judges must exercise sound discretion as gatekeepers of expert testimony under *Daubert*. [Defendant], however, would elevate them to the role of St. Peter at the gates of heaven, performing a searching inquiry into the depth of an expert witness' soul .... Such an inquiry would inexorably lead to evaluating witness credibility and weight of the evidence, the ageless role of the jury." *McCullock v. H.B. Fuller Co.*, 61 F.3d at 1045.

rather than the admissibility, of expert testimony").

CMI raises a number of other objections. For example, defendant points out that Dr. Paul can offer no tests, and no prototypes or drawings of satisfactory machinery. In my view, these are precisely the kind of matters that should be left for the jury to consider in assessing the weight to be given to Dr. Paul's testimony. In another case in which CMI made similar arguments in support of its motion to exclude the testimony of a mechanical and safety engineering expert, the United States District Court for the Eastern District of Pennsylvania admitted the expert's testimony. In so doing, it ruled:

> Contrary to CMI's contention, Mr. Stephens [plaintiffs' engineering expert] need not develop and test a prototype nor must he publish his opinion in order to validate his conclusion as to safety devices suitable for this particular piece of machinery; he can reach his conclusion based on his review of the alarms and the [pavement] profiler and his knowledge in this area. Further, he can be cross-examined as to these aspects of his opinion. As such, his testimony ... is admissible.

*Surace v. Caterpillar, Inc.,* 94–1422, 1995 WL 303895 (E.D.Pa.1995), *aff'd in part, rev'd in part, on other grounds,* 111 F.3d 1039 (3d Cir.1997).

Indeed, even if the *Daubert* factors did apply, an analysis and review of those factors also compels the admission of Dr. Paul's testimony. In addition, the Second Circuit has noted that "*Daubert* reinforces the idea that there should be a presumption of admissibility of evidence" and has interpreted *Daubert* as having "advanced a bias in favor of admitting evidence short of that solidly and indisputably proven to be reliable." *Borawick v. Shay,* 68 F.3d 597, 610 (2d Cir.), *cert. denied,* 517 U.S. 1229, 116 S.Ct. 1869, 134 L.Ed.2d 966 (1996).

The criticisms by defendant of Dr. Paul's methodology and conclusions may be ammunition for cross-examination, but they do not warrant the exclusion of his testimony. *See McCullock v. H.B. Fuller Co.,* 61 F.3d at 1044 (" '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence' ") (*quoting Daubert*).

For the above reasons, I find that Igor Paul has the requisite "knowledge, skill, experience, training [and] education" under Rule 702, to give opinion testimony in this case. He is qualified to render an opinion on alleged design defects in the equipment at issue, and I find that his testimony is reliable and relevant and would assist the jury in its determinations.

### CONCLUSION

Defendant's motion to exclude the testimony of plaintiffs' expert, Dr. Igor Paul, is hereby DENIED.

If defendant intends to file any dispositive motion, it must do so within thirty (30) days of entry of this Decision and Order.

IT IS SO ORDERED.