**Edson MAITLAND, Plaintiff–Appellant,**

v.

**PITNEY BOWES COPIER SYSTEMS, A DIVISION OF PITNEY BOWES, INC, Defendant–Appellee.**

**Docket No. 02–7197.**

United States Court of Appeals, Second Circuit.

Dec. 20, 2002.

Alan E. Wolin, Jericho, NY, for Plaintiff–Appellant.

Rory J. McEvoy, Kirkpatrick & Lockhart, LLP, New York, NY, for Defendant–Appellee.

Present FEINBERG, MESKILL and CALABRESI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Edson Maitland ("Maitland" or "Appellant") appeals from a judgment of the United States District Court for the Eastern District of New York (Wall, *Magistrate Judge*),[1] in favor of Pitney Bowes Copier Systems ("Pitney Bowes" or "Appellee"). Maitland had sued Pitney Bowes, his employer, alleging that the company discriminated and retaliated against him on the basis of his race (African American) and disability (depression), in violation of Title VII of the Civil Rights

---

1. The parties consented to a trial before a United States magistrate judge. *See* 28 U.S.C. § 636(c)(1).

Act of 1964, as amended, 42 U.S.C. § 2000e et. seq. ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12112(a) (the "ADA"), and New York Human Rights Law, N.Y. Exec. Law § 296 *et seq.* A jury trial began and, at the close of Maitland's case, Pitney Bowes made a motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(a)(1).[2]

After hearing extensive oral argument, the court granted Pitney Bowes's motion. The court concluded (1) that Maitland "does not suffer from a disability as that term is defined under the ADA or the New York Executive Law"; (2) that "Pitney Bowes reasonably accommodated all of [Maitland's] requests related to his depression"; (3) that Maitland "suffered no adverse employment action because of his alleged disability; (4) that Maitland's claim of race discrimination failed as a matter of law because it was based solely on comments that were either made by a coworker or were isolated remarks, and because there was "no causal connection between the alleged remarks and any discriminatory actions"; and (5) that Maitland's retaliation claim failed because "he did not suffer any adverse employment action," and that even assuming arguendo that he had, Maitland failed to show any causal relation between that action and the alleged racist remarks. This appeal followed.

"In examining a defendant's motion for judgment as a matter of law pursuant to [Fed.R.Civ.P. 50(a)(1) ], the district court 'must view the evidence in a light most favorable to the nonmovant and grant that party every reasonable inference that the jury might have drawn in its favor.' " *Stagl v. Delta Air Lines, Inc.,* 117 F.3d 76, 79 (2d Cir.1997) (quoting *Purgess v. Sharrock,* 33 F.3d 134, 140 (2d Cir.1994). "A district court may grant a judgment as a matter of law pursuant to this rule only if no reasonable jury could find for the nonmoving party." *Stagl,* 117 F.3d at 79 (citing *Samuels v. Air Transp. Local 504,* 992 F.2d 12, 14 (2d Cir.1993)). We review de novo a district court's grant of judgment as a matter of law, *Harris v. Niagara Mohawk Power Corp.,* 252 F.3d 592, 597 (2d Cir.2001), applying the same standard that the district court was required to apply. *LeBlanc–Sternberg v. Fletcher,* 67 F.3d 412, 429 (2d Cir.1995).

The ADA prohibits discrimination against any "qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). "To make out a prima facie case under the ADA, a plaintiff must establish that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability." *Giordano v. City of New York,* 274 F.3d 740, 747 (2d Cir.2001).

The Act defines a disability as

(A) a physical or mental impairment that substantially limits one or more of the major life activities . . . ;

---

2. Federal Rule of Civil Procedure 50(a)(1) states as follows:

If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim . . . that cannot under the controlling law be maintained . . . without a favorable finding on that issue.

Fed.R.Civ.P. 50(a)(1).

(B) a record of such an impairment; or

(C) being regarded as having such an impairment.

42 U.S.C. § 12102(2).

Based on a de novo review of the record, we agree that Appellant's ADA claim fails as a matter of law for substantially the reasons given by the district court. We find that Appellant's Title VII claims fail as a matter of law as well. As the district court correctly noted, the two racist comments alleged by the Appellant cannot, in this case, establish a claim of race discrimination because, "assuming they were made, they were either made by a coworker or were isolated remarks." Moreover, Appellant has presented no evidence to establish a causal connection between the alleged remarks and any adverse employment action. Indeed, the record lacks evidence of any adverse employment action causally related to the remarks or, as would be necessary to support Appellant's retaliation claim, to his complaints about the remarks.

We have considered all of Appellant's other claims and find them meritless. We therefore AFFIRM the judgment of the district court.