TIFFANY (NJ) INC., Tiffany and Company, Plaintiffs,

v.

eBAY, INC., Defendant.

No. 04 Civ. 4607(RJS).

United States District Court, S.D. New York.

Nov. 9, 2007.

H. Peter Haveles, Jr., Arnold & Porter, LLP, James B. Swire, Arnolld & Porter, LLP, New York City, for Plaintiffs.

Bruce S. Meyer, Robert Bruce Rich, Weil, Gotshal & Manges LLP, New York City, for Defendant.

## MEMORANDUM AND ORDER

RICHARD J. SULLIVAN, District Judge.

Defendant eBay, Inc. ("eBay") moves *in limine* to preclude Tiffany (NJ) Inc. and Tiffany and Company (collectively, "Tiffany" or "Plaintiffs") from introducing expert testimony offered by George Mantis, as well as the conclusions derived from the Buying Programs that Mr. Mantis designed. Defendant contends that Mr. Mantis is not qualified to testify as an expert, that his testimony is irrelevant to Tiffany's claims, and that multiple errors in the Buying Programs render their results unreliable. For the reasons stated on the record at oral argument on November 9, 1007, and below, the motion is denied without prejudice to renewal in the course of trial.[1] The Court presumes that

---

1. In the context of a bench trial where there is not a concern for juror confusion or potential prejudice, the court has considerable discretion in admitting the proffered testimony at the trial and then deciding after the evidence is presented whether it deserves to be credited by meeting the requirements of *Dau-*bert and its progeny. *See, e.g., New York v. Solvent Chem. Co., Inc.,* No. 83–CV–1401C, 2006 WL 2640647, *1, 2006 U.S. Dist. LEXIS 65595, at *2 (W.D.N.Y. Sept. 14, 2006) (collecting cases). For these reasons, the Court will allow eBay to renew its motion in the course of trial if eBay so desires.

the parties are familiar with the nature of the disputed evidence and the record.

The Federal Rules of Evidence permit opinion testimony by experts when the witness is "qualified as an expert by knowledge, skill, experience, training, or education," and "if scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine the fact in issue." Fed. R.Evid. 702. It is a "well-accepted principle that Rule 702 embodies a liberal standard of admissibility for expert opinions." *Nimely v. City of New York*, 414 F.3d 381, 395–396 (2d Cir.2005). District courts, however, have a "gatekeeping" function under Rule 702, and are charged with ensuring "that the expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Thus, under Rule 702, the district court must make several determinations before allowing expert testimony: (1) whether the witness is qualified to be an expert; (2) whether the opinion is based upon reliable data and methodology; and (3) whether the expert's testimony on a particular issue will assist the trier of fact. *See Nimely*, 414 F.3d at 396–97. Moreover, if the requirements of Rule 702 are met, the district court must also analyze the testimony under Rule 403 and may exclude the testimony "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R.Evid. 403; *accord Nimely*, 414 F.3d at 397. In short, "[e]xpert evidence must be both relevant and reliable." *Schwab v. Philip Morris USA, Inc.*, 449 F.Supp.2d 992, 1236 (E.D.N.Y.2006). "Pertinent evidence based on scientifically valid principles will satisfy those demands." *Campbell ex rel. Campbell v. Metropolitan Property and Cas. Ins. Co.*, 239 F.3d 179, 184–85 (2d Cir.2001).

■ EBay first submits that Mr. Mantis is not qualified to offer opinions based on statistical sampling because he lacks the necessary academic training and practical experience in designing statistical samples. Specifically, eBay argues that Mr. Mantis has not taken university-level courses in statistical sampling and specializes in consumer surveys rather than surveys if objects. The Court is unpersuaded.

Rule 702 requires that an expert witness may be qualified to testify through knowledge, skill, experience, training, or education. While we look to the totality of the expert's qualifications, *see New York v. Shinnecock Indian Nation*, 523 F.Supp.2d 185, 259 (E.D.N.Y.2007), any one of these five forms of qualifications will satisfy the rule, *see* 4 Jack B. Weinstein, *Weinstein's Federal Evidence* § 702.04[1][c] (2d ed. 2006) ("A witness can qualify as an expert on the basis of knowledge, skill, experience, training, or education. Thus, any one or more of these bases should be sufficient to qualify a witness as an expert.") (internal citations and footnotes omitted).

The record shows that Mr. Mantis has taken courses in statistical sampling through work and various seminars, that he has performed statistical sampling in hundreds of surveys throughout his career, and that he has extensive practical experience in using statistics in litigation. Furthermore, Mr. Mantis has been qualified as an expert and allowed to testify in numerous trademark proceedings in this very district. *See, e.g., MetLife, Inc. v. Metro. Nat'l Bank*, 388 F.Supp.2d 223, 226 (S.D.N.Y.2005); *Nat'l Distillers Prods. Co., LLC v. Refreshment Brands, Inc.*, 198 F.Supp.2d 474, 477 (S.D.N.Y.2002).

EBay's argument that Mr. Mantis' experience in designing customer confusion surveys does not qualify him to design a study like the Buying Programs is un-

founded. While the Court must ensure that the expert will be proffering opinions on issues or subject matter that are within his or her area of expertise, *see Stagl v. Delta Air Lines, Inc.*, 117 F.3d 76, 80 (2d Cir.1997), the law does not require such a narrow specialty as Defendants suggest, *see McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir.1995) (suggestion that medical expert had to be a "specialist" in environmental medicine in order to provide expert testimony is "unwarranted expansion of the gatekeeper role announced in *Daubert*"). Statistical studies of trademark infringement are well within Mr. Mantis' expertise and competence.

Finally, eBay's objections to Mr. Mantis' qualifications go to the weight, not to the admissibility, of his testimony, and are more properly explored on cross-examination. *See McCullock*, 61 F.3d at 1044.

Accordingly, the Court finds that Mr. Mantis is appropriately qualified as an expert witness.

▉ EBay next argues that Mr. Mantis' opinion and testimony are irrelevant to Tiffany's claims. Relying on *Astra Aktiebolag v. Andrx Pharmaceuticals, Inc.*, 222 F.Supp.2d 423, 488 (S.D.N.Y.2002), eBay argues that the data relied on by the expert is materially different from the data relevant to the facts of the case and thus irrelevant to the disputed issue. The Court disagrees.

In assessing the relevance of proffered expert testimony, the Court looks to whether the testimony has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See Amorgianos v. National Railroad Passenger Corp.*, 303 F.3d 256, 265 (2d Cir.2002). One of the central disputes in this litigation is what percentage of the "Tiffany jewelry" sold on eBay is counterfeit. The Buying Programs and Mr. Mantis' reports are highly relevant to this question. While Tiffany's evidence may or may not be probative of the percentage of counterfeit Tiffany jewelry available on eBay at any given time, it is certainly probative of the percentage of counterfeit jewelry that Tiffany identified in the course of its Buying Programs. To the extent that eBay wishes to challenge the methodology of the Buying Programs, those concerns go to the weight of the evidence, not to its admissibility. *See McCullock*, 61 F.3d at 1044.

Finally, eBay submits that methodological and implementation errors render the Buying Programs and their results unreliable. The Second Circuit has held that "[a]lthough expert testimony should be excluded if it is speculative or conjectural, or if it is based on assumptions that are so unrealistic and contradictory as to suggest bad faith or to be in essence an apples and oranges comparison, other contentions that the assumptions are unfounded go to the weight, not the admissibility, of the testimony." *Boucher v. United States Suzuki Motor Corp.*, 73 F.3d 18, 21 (2d Cir.1996) (internal citations and quotation marks omitted). Again, such concerns go to the weight of the evidence, not to its admissibility. *See id.*

For these reasons, the Court hereby DENIES the defendant's motion in limine.

SO ORDERED.