09-5059-cv
Anderson v. Cahill et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of April, two thousand eleven.

PRESENT:
> CHESTER J. STRAUB,
> ROBERT D. SACK,
> GERARD E. LYNCH,
> > *Circuit Judges*.

---

CHRISTINE C. ANDERSON,

> *Plaintiff-Appellant*,

> v.                                                      09-5059-cv

THOMAS J. CAHILL, in his official and individual capacity,
SHERRY K. COHEN, in her official and individual capacity,
DAVID SPOKONY, in his official and individual capacity,

> *Defendants-Appellees*,

---

FOR APPELLANT:      Christine C. Anderson, *pro se*, New York, New York.

FOR APPELLEES:      Benjamin Gutman, Deputy Solicitor General*, for* Andrew M. Cuomo, Attorney General of the State of New York (Barbara D. Underwood, Solicitor General; Raffi Melkonian, Assistant Solicitor General; Monica Wagner, Assistant Solicitor General, *on the brief*), New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.*).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Appellant Christine C. Anderson, a licensed attorney proceeding pro se, sued appellees, her superiors when she was employed by the Departmental Disciplinary Committee ("DDC") of the Appellate Division, First Department, New York State Supreme Court, charging that they violated her First Amendment rights by retaliating against her for her complaints that the DDC corruptly protected well-connected lawyers. She appeals the district court's judgment, following a jury verdict, in favor of the appellees. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.      **The Attorney General's Representation of the Defendants**

On appeal, Anderson objects to the New York Attorney General's representation of the individual defendants. Even if we were to determine that the issue was sufficiently raised below, this objection is meritless. Under New York Public Officers Law section 17(2)(a), the New York Attorney General "shall provide for the defense of [a state] employee in any civil action or proceeding in any state or federal court arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting within the scope

2

of his public employment or duties." Anderson's allegations related to supervisory functions of the defendants within the scope of their employment, and she explicitly sued the defendants in both their individual and official capacities. With respect to the Attorney General's joint representation of all three individual defendants, a conflict of interest between civil codefendants exists only where "counsel actively represented conflicting interests and . . . an actual conflict of interest adversely affected [counsel's] performance during the trial." Patterson v. Balsamico, 440 F.3d 104, 115 (2d Cir. 2006) (internal quotation marks omitted). There is no indication that such a conflict existed here, as the defendants never questioned their representation, and, in fact, prevailed at trial.

## II. The District Court's Response to the Jury Question

Anderson next objects to the district court's response to a question asked by the jury during deliberations. However, Anderson did not object to the response when the court made it. "[A] party who fails to object to a jury instruction at trial waives the right to make that instruction the basis for an appeal," and "a subsequent challenge based on that charge should be entertained only if the alleged errors are fundamental." SCS Commc'ns, Inc. v. Herrick Co., 360 F.3d 329, 343 (2d Cir. 2004) (internal quotation marks omitted). "Fundamental error is a more exacting standard than the plain error standard in the criminal context and must be so serious and flagrant that it goes to the very integrity of the trial. Moreover, a jury verdict will be reversed only when an appellant can show that the instructions as a whole prejudiced it." Id. (internal quotation marks and citations omitted).

Anderson has not established such fundamental error. The jury essentially asked the court whether, in answering Question 1 of the verdict sheet, it was required to find that (1) Anderson had made statements that the DDC had failed to diligently prosecute complaints of

3

attorney misconduct, or (2) the DDC had, in fact, failed to diligently prosecute complaints of attorney misconduct. The court correctly endorsed the former understanding. In an action for retaliation under 42 U.S.C. § 1983 and the First Amendment, the plaintiff must prove that she engaged in protected conduct, for example, by making a statement complaining of misconduct; the statement need not be accurate for plaintiff to prevail. "Whether public employee speech is protected from retaliation under the First Amendment entails two inquiries: (1) 'whether the employee spoke as a citizen on a matter of public concern' and, if so, (2) 'whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the general public.'" Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008), quoting Garcetti v. Ceballos, 547 U.S. 410, 418 (2006). "False speech . . . is still entitled to First Amendment protection, as long as it is not made with knowledge or reckless disregard of its falsity." Reuland v. Hynes, 460 F.3d 409, 414 (2d Cir. 2006). In any event, Anderson cannot demonstrate that she was prejudiced by the response, which reduced her burden of proof, as the jury ultimately found in her favor on this element of her claim.

## III.    The District Court's Directed Verdict Ruling

Finally, Anderson asserts that the district court's denial of a directed verdict for defendants constitutes a finding, or at least "newly discovered evidence," in her favor. In addition to being unpreserved, the argument is meritless. In denying the defendants' motion for judgment as a matter of law, the district court did not make any findings of fact, which would have intruded on the function of the jury. Rather, in accordance with the standards applicable to such rulings, the court simply determined that a reasonable jury *could* find in Anderson's favor as to the elements of her claim. See Stagl v. Delta Air Lines, 117 F.3d 76, 79 (2d Cir. 1997) ("A

4

district court may grant a judgment as a matter of law pursuant to [Federal Rule of Civil Procedure 50(a)(1)] only if no reasonable jury could find for the non-moving party.").

Accordingly, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk