12-2483-cv
Matheson v. Kitchen et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand thirteen.

PRESENT:   JOHN M. WALKER, JR.,
           ROBERT D. SACK,
           GERARD E. LYNCH,
                *Circuit Judges.*
_____

ROGER LEE MATHESON, III,
                *Plaintiff-Appellant*,

     v.                                            No. 12-2483-cv

DAMON KITCHEN, KITCHEN'S POWER
TONG SERVICES, INCORPORATED,
                *Defendants-Appellees.*

_____

FOR APPELLANT:        Keith Richard Young, Stanley Law Offices, Syracuse, N.Y.

FOR APPELLEES:        Lisa M. Robinson, Goldberg Segalla LLP, Syracuse, N.Y.

Appeal from the United States District Court for the Northern District of New York (Glenn T. Suddaby, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is VACATED, and the case is REMANDED for further proceedings consistent with this order.

Plaintiff-appellant Roger Lee Matheson, III was injured while working on an oil drilling rig platform when a power tong crushed his hand. He filed suit against defendants-appellees Damon Kitchen and Kitchen's Power Tong Services, Inc., alleging that Kitchen's negligent operation of the tong caused his injury. Matheson now appeals from an order of the district court granting summary judgment to defendants. We review the grant of summary judgment de novo, resolving all ambiguities and drawing all reasonable inferences in Matheson's favor. See Townsend v. Benjamin Enters., Inc., 679 F.3d 41, 47 (2d Cir. 2012). An award of summary judgment is proper only if "there is no genuine dispute as to any material fact" and movants are "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). We assume the parties' familiarity with the underlying facts and procedural history.

We conclude that the district court erred when it disregarded the testimony of Matheson's key fact witness, Jeffrey Beard, in evaluating defendants' summary judgment motion. The district court offered two rationales for disregarding Beard's testimony. First, although Matheson disclosed Beard's name in his responses to defendants' interrogatories, he failed to update those responses to provide Beard's address and

2

telephone number. The district court therefore precluded Beard's testimony pursuant to Federal Rules of Civil Procedure 26(e)(1)(A) and 37(c)(1).

Under Rule 37(c)(1), a party who "fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." We review the district court's exclusion of testimony under Rule 37(c)(1) for abuse of discretion. See Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006).

> In determining whether the district court acted within its discretion, this Court considers (1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.

Id. (internal quotation marks and brackets omitted).

In this case, defendants knew from Matheson's interrogatory responses, submitted more than eighteen months before they filed for summary judgment on September 8, 2011, that Beard had witnessed the accident; they learned from Matheson at his deposition on May 6, 2010 that, according to plaintiff, Beard "saw the power tongs fall"; and they knew that Matheson was in contact with Beard as early as September 1, 2010, a full year before the motion was filed. Yet defendants apparently made no effort to locate or contact Beard. Furthermore, after defendants complained of Matheson's reliance on an affidavit by Beard in opposition to their motion for summary judgment, the district court allowed defendants to take Beard's deposition at plaintiff's expense and to supplement

3

their motion to account for his testimony. In light of these events, defendants suffered no prejudice as a result of Matheson's failure to update his interrogatory responses with Beard's contact information. Defendants did not argue, following Beard's deposition, that further discovery was required based on his testimony, and they did not request an additional continuance. Moreover, as Beard is an eyewitness to the accident, his testimony is of prime importance. Accordingly, regardless of the adequacy of Matheson's explanation for failing to provide Beard's contact information, the district court exceeded its discretion when it precluded Beard's testimony pursuant to Rule 37.

Second, the district court relied on Jeffreys v. City of New York, 426 F.3d 549 (2d Cir. 2005), to exclude Beard's testimony on the ground that it was inherently unreliable. We held in Jeffreys that a district court may disregard a plaintiff's testimony at the summary judgment stage where it is "so replete with inconsistencies and improbabilities that no reasonable juror would undertake the suspension of disbelief necessary to credit the allegations made in his complaint." Id. at 555 (internal quotation marks omitted). The facts in Jeffreys, however, were extreme. The Jeffreys plaintiff offered, for the first time in litigation, a version of events that directly contradicted the account he had previously and consistently provided, and that was inconsistent with all other evidence in the record. In those circumstances – "where (1) the District Court found nothing in the record to support plaintiff's allegations other than plaintiff's own contradictory and incomplete testimony, and (2) the District Court, even after drawing all inferences in the light most favorable to the plaintiff, determined that no reasonable person could believe

4

Jeffreys's testimony" – we held that the District Court did not err by awarding summary judgment in defendants' favor. Id. (internal quotation marks, brackets, and citation omitted).

The facts of this case are nothing like those in Jeffreys. In rejecting Beard's testimony, the district court relied on a number of relatively minor inconsistencies. For example, Beard submitted an affidavit stating that he was perhaps 20 feet above the platform at the time of the accident, and he later testified that he was about 25 to 30 feet above it; he also testified both that the elevator was approximately five feet below him at the time of the accident and that he did not know the exact distance between himself and the elevator. Similarly, Beard gave differently worded descriptions, in response to differently worded questions, of precisely what he saw when, according to him, the power tong struck Matheson's hand. Despite these variations in the details of his account, the substance of Beard's testimony cannot fairly be characterized as fundamentally inconsistent or incoherent. Jeffreys does not authorize district courts to "engage in searching, skeptical analyses of parties' testimony in opposition to summary judgment." Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 106 (2d Cir. 2011). While some of the inconsistencies identified by the court below might well lead a jury to reject the credibility of Beard's testimony, they do not place this case among the "extraordinary cases, where the facts alleged are so contradictory that doubt is cast upon their plausibility," id. (internal quotation marks omitted). The district court therefore erred when it relied on Jeffreys to disregard Beard's testimony.

5

Taking Beard's testimony into account and construing all evidence in Matheson's favor, we conclude that genuine issues of material fact preclude a grant of summary judgment. According to Kitchen, the tong crushed Matheson's hand, not because of its negligent operation, but because it was struck from above by the elevator. For purposes of defendants' summary judgment motion, we must disregard that testimony and instead credit Beard's assertion that the elevator was nowhere near the tong at the time of the accident. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151 (2000) (a court adjudicating a summary judgment motion "must disregard all evidence favorable to the moving party that the jury is not required to believe" and "give credence to the evidence favoring the nonmovant"). A jury would be entitled to disbelieve Kitchen and to credit Beard's testimony that he observed Kitchen drop the tong onto Matheson's hand while "messing" with the levers that operate it. Therefore, defendants' motion for summary judgment should have been denied.

Because we conclude that Beard's testimony alone was sufficient to defeat the motion for summary judgment, we need not address Matheson's remaining claims, which concern the admission of expert witness testimony pursuant to Federal Rule of Evidence 702. In any event, "[t]he admission and qualification of experts pursuant to Federal Rule of Evidence 702 is in the broad discretion of the district court." Stagl v. Delta Air Lines, Inc., 117 F.3d 76, 81 (2d Cir. 1997).

For the foregoing reasons, the judgment of the district court is VACATED, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court